UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTY DUMONT; DANA DUMONT;
ERIN BUSK-SUTTON; REBECCA
BUSK-SUTTON,

               Plaintiffs,

v.

NICK LYON, in his official capacity
as the Director of the Michigan department
of Health and Human Services; and
HERMAN MCCALL, in his official
capacity as the Executive Director of
the Michigan Children's Services Agency,

               Defendants,
and

ST. VINCENT CATHOLIC
CHARITIES, MELISSA BUCK, CHAD
BUCK, and SHAMBER FLORE,

               Intervenor Defendants.
_____/

Case No. 17-cv-13080

Paul D. Borman
United States District Judge

## OPINION AND ORDER DENYING INTERVENOR DEFENDANTS' MOTION FOR CERTIFICATION UNDER 28 U.S.C. § 1292(b) AND STAY OF FURTHER PROCEEDINGS (ECF NO. 53)

On September 14, 2018, this Court entered an Order Denying in Large Part Defendants' Motions to Dismiss and Dismissing the Claims of Plaintiff Ludolph for Lack of Standing. (ECF No. 49, 9/14/18 Opinion and Order.) The Intervenor

1

Defendants now move the Court to certify its 9/14/18 Opinion and Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). The Plaintiffs have filed a Response to the motion to certify (ECF No. 55) and the Intervenor Defendants have filed a Reply (ECF No. 59). For the reasons that follow, the Court declines to exercise its discretion to certify its interlocutory 9/14/18 Opinion and Order for immediate appeal and DENIES the motion.

**I. BACKGROUND**

Plaintiffs filed their 42 U.S.C. § 1983 Complaint challenging Defendants Nick Lyon (sued in his official capacity as the Director of the Michigan Department of Health and Human Services "DHHS") and Herman McCall's (sued in his official capacity as the Executive Director of the Michigan Children's Services Agency "CSA") ("the State Defendants") practice of contracting with and permitting state-contracted and taxpayer-funded child placing agencies to use religious criteria to screen prospective foster and adoptive parents for children in the foster care system. Plaintiffs are prospective adoptive same-sex couples and individuals who have contacted certain faith-based Michigan adoption agencies and, based upon their same-sex status, been denied the state-contracted-for services to process their papers necessary for consideration for child placement by all adoption agencies. Plaintiffs allege that the the State Defendants' practice of contracting with these faith-based

2

agencies that refuse to consider them as prospective adoptive parents violates their rights protected by the Establishment Clause of the First Amendment to the United States Constitution and also violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Plaintiffs seek a declaratory judgment that these practices violate the First and Fourteenth Amendments and seek an Order enjoining Defendants Lyon and McCall, in their official capacities, from contracting with or providing taxpayer funding to private child placing agencies that exclude same-sex couples from consideration as foster or adoptive parents or otherwise employ religious criteria in the screening of prospective foster and adoptive parents. The Court has granted the motions of St. Vincent Catholic Charities, Melissa Buck, Chad Buck, and Shamber Flore ("the Intervenor Defendants") to intervene in this action. (ECF Nos. 31, 34.)

The Court issued its 9/14/18 Opinion and Order and denied the motions to dismiss filed by the State Defendants and the Intervenor Defendants, granting only the motion to dismiss the claims of Plaintiff Ludolph for lack of standing. The Intervenor Defendants now seek to have this Court certify its 9/14/18 Opinion and Order for immediate appeal.

## II. LEGAL STANDARD

Title 28 U.S.C. § 1292(b) states as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b) (emphasis in original).

In deciding whether to exercise its discretion under § 1292(b), a district court must consider whether: "(1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an appeal may materially advance the ultimate termination of the litigation." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002). "Review under § 1292(b) is granted sparingly and only in exceptional cases." *Id.* (citing *Kraus v. Bd. of County Rd. Comm'rs*, 364 F.2d 919, 922 (6th Cir. 1966)).

"A legal issue is controlling if it could materially affect the outcome of the case." *In re City of Memphis*, 293 F.3d at 351. "'Under Sixth Circuit law, 'substantial grounds for difference of opinion' exist only when there is conflicting authority on an

issue." *Chrysler Group LLC v. South Holland Dodge, Inc.*, 862 F. Supp. 2d 661, 688 (E.D. Mich. 2012) (quoting *Serrano v. Cintas Corp.*, Nos. 04-40132, 06-12311, 2010 WL 940164 (E.D. Mich. 2010) (citing *In re City of Memphis*, 293 F.3d at 350–51)). Substantial ground for difference of opinion may exist where:

> (1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question.

*In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013) (internal quotation marks and citations omitted). "An interlocutory appeal materially advances litigation when it 'save[s] judicial resources and litigant expense.'" *Dassault Systemes, S.A. v. Childress*, No. 09-cv-10534, 2016 WL 8229034, at *2 (E.D. Mich. June 22, 2016) (quoting *Newsome v. Young Supply Co.*, 873 F. Supp. 2d 872, 878 (E.D. Mich. 2012)).

## III. ANALYSIS

The Intervenor Defendants seek to certify two questions for appeal: (1) "the proper standard for determining whether a plaintiff has standing to plead an Establishment Clause violation by a non-governmental actor," and (2) "whether or when the state may become liable for the actions of a private adoption agency." (ECF No. 53, Intervenor Defendants' Mot. 2, PgID 1217.) Simply stated, the Intervenor Defendants have failed to identify a "controlling question of law" that was decided by

5

this Court in its September 14, 2018 Opinion and Order. The questions of law that the Intervenor Defendants seek to certify are based on the same faulty premise to which they stubbornly clung throughout their motion to dismiss – i.e. that the Plaintiffs have filed their claims against a private child placing agency, a non-governmental actor.

As this Court reiterated multiple times in its Opinion and Order, the Plaintiffs have not pleaded their Establishment Clause and Equal Protection claims against a private child placing agency but have asserted those claims against State officials for action taken in their official capacity, specifically the State's practice and procedure of "entering into contracts for the provision of state-contracted services, expressly acknowledging that certain faith-based agencies may elect to discriminate on the basis of sexual orientation in carrying out those state-contracted services, conduct that the Defendants concede the State could not take itself." (ECF No. 49, 9/14/18 Opinion and Order at 75-76, PgID 1144-45.) For example, when discussing the issue of General Article III standing, the Court observed:

> [Plaintiffs] argue instead that their Equal Protection and Establishment Claims are premised on injuries they suffered as a result of the State Defendants' practice of entering into contracts for the provision of state child welfare services with child placing agencies that use religious criteria to turn away prospective parents, causing Plaintiffs stigmatic harm and denying Plaintiffs the same opportunities to work with a child placing agency that is available to every other family in Michigan seeking to adopt. Their Complaint does not challenge any particular agency's decision not to work with them.

6

(9/14/18 Opinion and Order 23.)

Plaintiffs did not plead an Establishment Clause violation by a non-governmental actor (issue for certification number one) and Plaintiffs are not seeking to hold the State liable for the actions of a private adoption agency (issue for certification number two). Plaintiffs pleaded an Establishment Clause claim against, and are seeking to hold liable, State officials acting in their official capacities carrying out the State's practice of contracting with faith-based agencies that are known to discriminate on the basis of sexual orientation. The "novel" and "difficult" issues that the Intervenor Defendants seek to have this Court certify rest on a faulty premise and were simply not the issues presented by the Plaintiffs' Complaint, or the issues addressed and decided by the Court. And as to the issues that the Court *did* decide, the Court relied on controlling Sixth Circuit and Supreme Court precedent in concluding that Plaintiffs' plausibly alleged standing (at this stage of the proceedings) to bring both their Establishment Clause and Equal Protection claims against the State Defendants and plausibly pleaded those substantive claims against the State Defendants. The Intervenor Defendants do not identify any conflicting authority on the issues that were actually decided by this Court.

Nor do prudential considerations favor certification here. The Intervenor Defendants argue that "judicial economy interests are an important factor in

7

determining whether to certify an order for interlocutory appeal." (Mot. to Certify 20, PgID 1235.) In its 9/14/18 Opinion and Order, the Court highlighted many instances in which the Defendants ignored or contradicted the allegations of Plaintiffs' Complaint with factual assertions that were not made or plausibly inferred from the allegations of Plaintiffs' Complaint.

As the Court's 9/14/18 Opinion and Order suggests, discovery is necessary here before further analysis can fully address the issues in dispute. To this end, this Court has entered an expedited scheduling order, with discovery (both fact and expert) to be completed by January 31, 2019, and dispositive motions and motions challenging experts to be filed on or before February 28, 2019. A hearing on those motions has already been scheduled to take place in early May, 2019. (ECF No. 50, Case Management and Scheduling Order.) The Court will demand strict adherence to these deadlines and will move this case along expeditiously. Much can be accomplished in this Court before the Sixth Circuit would even have the opportunity to address any appeal, and much can be learned through discovery that will have significant bearing on the resolution of the important issues in dispute in this case.

## IV. CONCLUSION

The issues that Intervenor Defendants purport to have the Court certify for appeal were simply not the issues presented by the Plaintiffs' Complaint or decided

by this Court in its 9/14/18 Opinion and Order. The Intervenor Defendants have not established that any one of the three considerations relevant to the § 1292(b) analysis favors certification here. Accordingly, the Motion for Certification is DENIED.

IT IS SO ORDERED.

                                                  s/Paul D. Borman
                                                  PAUL D. BORMAN
                                                  UNITED STATES DISTRICT JUDGE

Dated: October 25, 2018