IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| KRISTY DUMONT; DANA DUMONT; ERIN BUSK-SUTTON; and REBECCA BUSK-SUTTON,<br><br>　　*Plaintiffs*,<br>　v.<br><br>NICK LYON, in his official capacity as the Director of the Michigan Department of Health and Human Services; and HERMAN MCCALL, in his official capacity as the Executive Director of the Michigan Children's Services Agency,<br><br>　　*Defendants*,<br><br>&<br><br>ST. VINCENT CATHOLIC CHARITIES; MELISSA BUCK; CHAD BUCK; and SHAMBER FLORE,<br><br>　　*Intervenor-Defendants*. | No. 2:17-CV-13080-PDB-EAS<br><br>HON. PAUL D. BORMAN<br><br>MAG. ELIZABETH A. STAFFORD<br><br>**INTERVENOR-DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO REOPEN**<br>**&**<br>**NOTICE OF SUPPLEMENTAL AUTHORITY** |

　　This case ended with settlement between Plaintiffs and the State Defendants. ECF No. 83. Now, Plaintiffs seek to reopen this case, claiming the State Defendants breached the agreement by not requiring

1

Catholic Charities of West Michigan to certify same-sex couples. ECF No. 87. By contrast, Plaintiffs do not argue that the State must currently require Defendant-Intervenor St. Vincent Catholic Charities ("St Vincent") to certify same-sex couples. *See id.* at PageID.1505. Indeed, a preliminary injunction precludes the State of Michigan from doing just that. Op., *Buck v. Gordon*, No. 1:19-cv-286 (W.D. Mich. Sept. 26, 2019).

Because St. Vincent is not a party to the settlement agreement, St. Vincent takes no position on Plaintiffs' motion to reopen to enforce the settlement agreement.

Separately, St. Vincent wishes to notify the Court that—the same day Plaintiffs filed the pending motion—the United States Supreme Court granted review in *Fulton v. City of Philadelphia*, 922 F.3d 140 (3d Cir. 2019). Both this Court and Plaintiffs previously relied on *Fulton*. ECF No. 47; ECF No. 49 at PageID.1138.[1]

Among other things, the Supreme Court will consider: "[w]hether a government violates the First Amendment by conditioning a religious agency's ability to participate in the foster care system on taking actions

---

[1] This Court and Plaintiffs relied on the district court opinion in *Fulton*. The Third Circuit affirmed that decision in April 2019.

and making statements that directly contradict the agency's religious beliefs[.]" Pet. for Cert., *Fulton v. City of Phila.*, No. 19-123 (U.S. filed July 22, 2019); Order, *Fulton*, No. 19-123 (U.S. filed Feb. 24, 2020).

Dated: March 5, 2020

                                                Respectfully submitted,

                                                /s/ Mark Rienzi

| | |
|---|---|
| William J. R. Bloomfield | Mark L. Rienzi |
| Attorney for Intervenor-Defendants | Lori H. Windham |
| Catholic Diocese of Lansing | Nicholas R. Reaves |
| 228 North Walnut Street | Attorneys for Defendant-Intervenors |
| Lansing, Michigan 48933-1122 | The Becket Fund for Religious Liberty |
| (517) 342-2522 | 1200 New Hampshire Ave. NW, Suite 700 |
| wbloomfield@dioceseoflansing.org | Washington, DC 20036 |
| | (202) 955-0095 |
| | mrienzi@becketlaw.org |

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 5, 2020, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

/s/ Mark L. Rienzi
Mark L. Rienzi
Counsel for Intervenor-Defendants
The Becket Fund for Religious Liberty
1200 New Hampshire Ave. NW, Suite 700 Washington, DC, 20036
Tel.: (202) 955-0095
Fax: (202) 955-0090
mrienzi@becketlaw.org