UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTY DUMONT; DANA
DUMONT; ERIN BUSK-SUTTON;
and REBECCA BUSK-SUTTON,

      Plaintiffs,

v.

ROBERT GORDON, in his official
capacity as the Director of the
Michigan Department of Health
and Human Services; and
JENNIFER WRAYNO, in her
official capacity as the Executive
Director of the Michigan Children's
Services Agency,

      Defendants,

and

ST. VINCENT CATHOLIC
CHARITIES; MELISSA BUCK;
CHAD BUCK; and SHAMBER
FLORE,

      Defendants-Intervenors.

_____

No. 17-cv-13080-PDB-EAS

HON. PAUL D. BORMAN

MAG. ELIZABETH A. STAFFORD

**DEFENDANTS' COMBINED
RESPONSE TO PLAINTIFFS'
MOTION TO REOPEN
PROCEEDINGS (ECF NO. 87),
AND REQUEST TO HOLD
PROCEEDINGS IN
ABEYANCE PENDING THE
U.S. SUPREME COURT'S
DECISION IN *FULTON***

**DEFENDANTS' COMBINED RESPONSE TO PLAINTIFFS'
MOTION TO REOPEN PROCEEDINGS (ECF NO. 87), AND
REQUEST TO HOLD PROCEEDINGS IN ABEYANCE PENDING
THE U.S. SUPREME COURT'S DECISION IN *FULTON***

Dana Nessel
Attorney General

/s/ Toni L. Harris
Toni L. Harris
Assistant Attorney General
Health, Education & Family
Services Division
P.O. Box 30758
Lansing, MI 48909
(517) 335-7603
HarrisT19@michigan.gov
P63111

Dated:  March 11, 2020

# TABLE OF CONTENTS

Page

Table of Contents................................................................................i

Index of Authorities...........................................................................ii

Concise Statement of Issues Presented....................................................iii

Controlling or Most Appropriate Authority ............................................ iii

Argument ........................................................................................1

I.    As explained in its February 20, 2020 Notice, the
      Department does not oppose reopening proceedings and
      takes no position on enforcement of the Settlement
      Agreement....................................................................................1

II.   Even if the Court reopens proceedings, this case should be
      held in abeyance pending the Supreme Court's decision in
      *Fulton*...................................................................................3

Conclusion and Relief Requested.............................................................6

Certificate of Service (e-file)...............................................................7

i

## INDEX OF AUTHORITIES

<u>Page</u>

**Cases**

*Fulton v. Philadelphia,*
    922 F.3d 140 (3d Cir. 2019), *cert. granted*, --- S.Ct. ---, 2020 WL
    871694 (U.S. Feb. 24, 2020) (No. 19-123) .................................. 3, 5, 6, 7

**Rules**

Fed. R. Civ. P. 25(d) ..................................................................................... 1

**CONCISE STATEMENT OF ISSUES PRESENTED**

1.    Whether the Court should reopen proceedings for purposes of considering the enforceability of the Settlement Agreement.

2.    If proceedings are reopened, whether this Court should hold this case in abeyance pending the Supreme Court's decision in *Fulton*.

**CONTROLLING OR MOST APPROPRIATE AUTHORITY**

<u>*Authority*</u>: *Fulton v. Philadelphia*, 922 F.3d 140 (3d Cir. 2019), *cert. granted*, --- S.Ct. ---, 2020 WL 871694 (U.S. Feb. 24, 2020) (No. 19-123).

iii

# ARGUMENT

## I. As explained in its February 20, 2020 Notice, the Department does not oppose reopening proceedings and takes no position on enforcement of the Settlement Agreement.

For the reasons explained in their Notice (ECF No. 86) filed with this Court on February 20, 2020, Defendants Robert Gordon, in his official capacity as Director of the Michigan Department of Health and Human Services (MDHHS), and Joo Yeun Chang, in her official capacity as Executive Director of the Michigan Children's Services Agency[1] (collectively, "the Department"), do not oppose the Dumonts' motion to reopen proceedings.  Moreover, without waiving any claims or defenses, the Department takes no position on the Dumonts' request to enforce the Settlement Agreement entered by the parties on March 22, 2019.

As explained in the Notice, the Department fully intends to continue enforcing its long-established nondiscrimination policy and

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, this Notice reflects the substitution of Children's Services Agency Executive Director Joo Yeun Chang for former Acting Children's Services Agency Executive Director Jennifer Wrayno, who was named in her official capacity.

meeting its obligations under the Settlement Agreement. But the Department is faced with a dilemma of potentially competing and contrary legal obligations. It is a named defendant in a separate lawsuit—also pending in this district—challenging the nondiscrimination policy. (*Catholic Charities West Michigan v. Gordon et al.*, Case No. 2:19-cv-11661, Hood, C.J.). Catholic Charities West Michigan, the plaintiff in that case, filed a preliminary injunction motion to enjoin the Department from enforcing its policy. The motion is fully briefed and currently pending before Chief Judge Denise Page Hood.[2]

These potentially competing obligations put the Department between a rock and a hard place. Consequently, unless otherwise directed by this Court, the Department will take no action while waiting for Chief Judge Hood to rule on the preliminary injunction motion. But, as explained below, the United States Supreme Court's

---

[2] After the Department filed the Notice with this Court on February 20, 2020, Chief Judge Hood scheduled an April 8, 2020 hearing on the State's motion to expedite consideration of Catholic Charities West Michigan's motion for preliminary injunction and to certify the question of state law interpretation, and on the Department's motion for immediate consideration. (*Catholic Charities West Michigan v. Gordon et al.*, Case No. 2:19-cv-11661, ECF Nos. 38, 39, 41 (Hood, C.J.).

decision in *Fulton v. Philadelphia*, 922 F.3d 140 (3d Cir. 2019), *cert. granted*, --- S.Ct. ---, 2020 WL 871694 (U.S. Feb. 24, 2020) (No. 19-123), will likely impact this case and, in the event this Court grants the Dumonts' motion to reopen the case, it should nevertheless be stayed pending the outcome in *Fulton*.

## II. Even if the Court reopens proceedings, this case should be held in abeyance pending the Supreme Court's decision in *Fulton*.

If this Court grants the Dumonts' motion to reopen proceedings, the case should nevertheless be held in abeyance pending Supreme Court review of the Third Circuit's decision in *Fulton*.

In *Fulton*, the City of Philadelphia's Department of Human Services investigated a complaint that two of its agencies would not work with same-sex couples as foster parents, which if true would be considered a violation of the City's anti-discrimination laws. *Id.* at 146. The agencies confirmed that, because of their religious views on marriage, they would not work with gay couples. *Id.* Thereafter, Human Services stopped referring foster children to them. One of those agencies, Catholic Social Services (CSS), filed suit claiming that the City had violated its rights under the First Amendment's Free Exercise,

Establishment, and Free Speech Clauses, and under Pennsylvania's

Religious Freedom Protection Act.  *Id.*  CSS sought an order requiring

the City to renew its contractual relationship with CSS, while

permitting the agency to turn away same-sex couples seeking to become

foster parents.  *Id.*  The district court denied preliminary injunctive

relief.

CSS appealed.  The Third Circuit affirmed the district court's

decision, concluding:

> The City stands on firm ground in requiring its contractors
> to abide by its non-discrimination policies when
> administering public services.  Under *Smith*, the First
> Amendment does not prohibit government regulation of
> religiously motivated conduct so long as that regulation is
> not a veiled attempt to suppress disfavored religious beliefs.
> And while CSS may assert that the City's actions were not
> driven by a sincere commitment to equality but rather by
> antireligious and anti-Catholic bias (and is of course able to
> introduce additional evidence as this case proceeds), the
> current record does not show religious persecution or bias.
> Instead it shows so far the City's good faith in its effort to
> enforce its laws against discrimination.  [*Id.* at 165.]

On Monday, February 24, 2020, the Supreme Court granted

certiorari.  The Supreme Court's decision in *Fulton* could determine a

threshold constitutional issue underlying the enforceability of the

Settlement Agreement, which could significantly impact the trajectory of this case and, indeed, could be outcome determinative.[3]

Accordingly, for purposes of judicial economy and efficiency, and to avoid the parties investing significant time and resources unnecessarily, the Department respectfully requests that, should this Court grant the Dumonts' motion to reopen proceedings, this case should be held in abeyance pending the Supreme Court's decision in *Fulton*.

---

[3] Concurrent with filing this response, State Defendants, including the Department, submitted supplemental filings in *Buck* and in *Catholic Charities*, advising each court that the Supreme Court's decision to hear *Fulton* is further reason to certify the question of statutory interpretation to the Michigan Supreme Court. In *Buck* and *Catholic Charities*, the question of state law interpretation is at the forefront of the claims at issue, is an important matter that should be decided first, remains relevant regardless of the outcome in *Fulton,* and is not impacted by the Court's decision in *Fulton*.

## CONCLUSION AND RELIEF REQUESTED

As explained above, to the extent this Court reopens proceedings to consider enforcement of the Settlement Agreement, the case should be held in abeyance pending a decision in *Fulton*.

Respectfully submitted,

Dana Nessel
Attorney General

/s/ Toni L. Harris
Toni L. Harris
Assistant Attorney General
Health, Education & Family
Services Division
P.O. Box 30758
Lansing, MI 48909
(517) 335-7603
HarrisT19@michigan.gov
P63111

Dated:  March 11, 2020

6

## CERTIFICATE OF SERVICE (E-FILE)

I hereby certify that on March 11, 2020, I electronically filed the above

document with the Clerk of the Court using the ECF System, which will

provide electronic copies to counsel of record.

/s/ Toni L. Harris
Toni L. Harris
Assistant Attorney General
Health, Education & Family
Services Division
P.O. Box 30758
Lansing, MI 48909
(517) 335-7603
HarrisT19@michigan.gov
P63111