# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| KRISTY DUMONT; DANA DUMONT; ERIN BUSK-SUTTON; and REBECCA BUSK-SUTTON,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT GORDON, in his official capacity as the Director of the Michigan Department of Health and Human Services; and JOOYEUN CHANG in her official capacity as the Senior Deputy Director of the Michigan Children's Services Agency,<br><br>Defendants,<br><br>and<br><br>ST. VINCENT CATHOLIC CHARITIES; MELISSA BUCK; CHAD BUCK; and SHAMBER FLORE,<br><br>Intervenor Defendants. | No. 2:17-cv-13080-PDB-EAS<br><br>HON. PAUL D. BORMAN<br><br>MAG. ELIZABETH A. STAFFORD<br><br>**PLAINTIFFS' REPLY TO STATE DEFENDANTS' RESPONSE TO MOTION TO REOPEN PROCEEDINGS FOR PURPOSES OF ENFORCING THE SETTLEMENT AGREEMENT** |

## **TABLE OF CONTENTS**

**<u>PAGE</u>**

PRELIMINARY STATEMENT ..............................................................................1

ARGUMENT ...........................................................................................................2

I. IT IS UNDISPUTED THAT THE SETTLEMENT AGREEMENT MEETS THE STANDARD FOR SUMMARY ENFORCEMENT. ............................2

II. THE STATE'S RESPONSE CONFIRMS IT IS IN BREACH OF THE SETTLEMENT AGREEMENT..................................................................3

III. THE STATE'S REQUEST THAT THE PROCEEDINGS BE HELD IN ABEYANCE PENDING THE SUPREME COURT'S DECISION IN *FULTON* V. *CITY OF PHILADELPHIA* SHOULD BE DENIED.................4

CONCLUSION........................................................................................................6

## TABLE OF AUTHORITIES

**PAGE**

**Cases**

*Landis* v. *N. Am. Co.*,
　299 U.S. 248 (1936)......................................................................................5

*Ohio Envtl. Council* v. *U.S. Dist. Ct., S. Dist. of Ohio, E. Div.*,
　565 F.2d 393 (6th Cir. 1977) ........................................................................5

## PRELIMINARY STATEMENT

Plaintiffs Kristy and Dana Dumont and Erin and Rebecca Busk-Sutton filed this action to challenge the State's practice of permitting state-contracted and taxpayer-funded child placing agencies ("CPAs") to turn away qualified families on the basis of sexual orientation.  ECF No. 1.  The State moved to dismiss, arguing that Plaintiffs lacked standing and failed to state claims upon which relief could be granted.  ECF No. 16.  This Court denied the State's motion to dismiss and held that Plaintiffs plausibly alleged Article III standing and stated claims under the Establishment and Equal Protection Clauses of the Constitution.  ECF No. 49.

After two and a half years of litigation, including multiple hearings before this Court and extensive discovery, Plaintiffs agreed to settle their litigation in exchange for a contractual commitment from the State to retain and enforce non-discrimination clauses in its contracts with CPAs.  ECF No. 82 (the "Settlement Agreement").  Notwithstanding the parties' agreement, undisputed evidence shows that the State is continuing to allow CPAs to discriminate against same-sex couples, in violation of the Settlement Agreement.  The State now explicitly states that it will "take no action" to abide by its obligations under the Settlement Agreement to uphold the rights of same-sex couples unless this Court orders it to abide by the obligations it agreed to as a condition to settling this matter.  ECF No. 92, PageID.1607.

Because Plaintiffs satisfy the standard for summary enforcement and because the State "do[es] not oppose" Plaintiffs' motion to reopen the proceedings and "takes no position" with respect to the enforcement of the Settlement Agreement, ECF No. 92, PageID.1606, Plaintiffs respectfully request that the Court grant the Motion to Reopen Proceedings For Purposes of Enforcing the Settlement Agreement and deny the State's request that proceedings be held in abeyance.

## ARGUMENT

**I.  IT IS UNDISPUTED THAT THE SETTLEMENT AGREEMENT MEETS THE STANDARD FOR SUMMARY ENFORCEMENT.**

The Court should summarily enforce the Settlement Agreement. As demonstrated by the Court's Order on Stipulation of Dismissal, ECF No. 83, the Court retained jurisdiction over the enforcement of the Settlement Agreement; agreement was reached on all material terms; and no dispute exists regarding the terms of the agreement. *See* ECF No. 87. The State does not disagree. *See* ECF No. 92, PageID.1606 ("[T]he Department . . . takes no position on enforcement of the Settlement Agreement."). Indeed, the State has represented that "there is no state or federal law, rule, regulation, policy, contract term, or other obligation that prevents it from complying with its obligations under this [Settlement] Agreement," ECF No. 82, PageID.1450, and that the Settlement Agreement "comports with state and federal law and is constitutionally firm," ECF No. 86, PageID.1480.

## II. THE STATE'S RESPONSE CONFIRMS IT IS IN BREACH OF THE SETTLEMENT AGREEMENT.

As the State has recognized, there is no legal impediment to the general enforcement of the Settlement Agreement in this case, although Plaintiffs agree that the State may not enforce its non-discrimination policy against one particular CPA as a result of an order issued by the Western District of Michigan.[1] Nonetheless, the State is not—and has stated plainly that it will not absent court intervention—complying with the terms of the Settlement Agreement.[2] *See* ECF No. 92, PageID.1607 ("[U]nless otherwise directed by this Court, the Department will take no action while waiting for Chief Judge Hood to rule on the preliminary injunction motion [in *Catholic Charities W. Michigan* v. *Gordon et al.*, Case No. 2:19-cv-11661 (Hood, C.J.)].") The State describes "a dilemma of potentially competing and contrary legal obligations," pointing to a case before Chief Judge Hood in which Catholic Charities of West Michigan has sought a preliminary injunction to enjoin

---

[1] A preliminary injunction has been entered in a separate case in the Western District of Michigan which applies only to the State's actions with respect to St. Vincent Catholic Charities and to no other agency. *See Buck et al.*, v. *Gordon et al.*, Case No. 1:19-cv-00286 (Jonker, J.), ECF. No. 70.

[2] The State fails to mention that at the same time as asking this Court to wait for Chief Judge Hood's ruling in *Catholic Charities West Michigan*, the State also asked Chief Judge Hood to certify a question of state law interpretation in that case to the Michigan Supreme Court. *Catholic Charities W. Michigan*, ECF No. 38, PageID.1601-1614. The State's attempts to evade its contractual obligations should not be countenanced.

-3-

the State from enforcing its non-discrimination policy against that agency. *Id.* But no injunction has been entered in that case. The State's only legal obligation with respect to the conduct of Catholic Charities of West Michigan is what the State promised Plaintiffs in the Settlement Agreement—to investigate and take action against discrimination. The State has failed to abide by that promise and thus breached the terms of the Settlement Agreement.

### III. THE STATE'S REQUEST THAT THE PROCEEDINGS BE HELD IN ABEYANCE PENDING THE SUPREME COURT'S DECISION IN *FULTON* V. *CITY OF PHILADELPHIA* SHOULD BE DENIED.

The State requests that this Court "hold proceedings in abeyance" pending the Supreme Court's decision in *Fulton* v. *City of Philadelphia*, 922 F.3d 140 (3d Cir. 2019), cert. granted, --- S.Ct. ---, 2020 WL 871694 (U.S. Feb. 24, 2020) (No. 19-123), which the State claims "*could* determine a threshold constitutional issue underlying the enforceability of the Settlement Agreement." *Id*. at PageID.1609-1610 (emphasis added). But the Supreme Court's grant of certiorari in *Fulton* does not provide any reason to delay this Court's enforcement of the Settlement Agreement. All that is known for now is that *Fulton* will not be heard by the Supreme Court until the next term, and a decision might not be rendered for over a year. Plaintiffs' ongoing irreparable injuries should not be prolonged based on what the Supreme Court *might* rule or address in the future.

-4-

The State has not satisfied the standard to hold this case in abeyance. The moving party must show "that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the [stay]." *Ohio Envtl. Council* v. *U.S. Dist. Ct., S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977). Further, only in "rare circumstances" should a litigant in one case be compelled to "to stand aside while a litigant in another [action] settles the rule of law." *Landis* v. *N. Am. Co.*, 299 U.S. 248, 255 (1936). The State has not only failed to make any showing that it would suffer any hardship or inequity if proceedings are re-initiated, it has also failed to demonstrate that the requested stay would not inflict irreparable harm on Plaintiffs and other same-sex couples seeking to care for children in the public foster care and adoption system in Michigan, who continue to be subject to discrimination, as well as vulnerable children in Michigan's public child welfare system, who cannot afford to have qualified foster and adoptive families turned away by discrimination. The State claims that a stay would promote "judicial economy and efficiency" and avoid the potential investment of "significant time and resources," ECF No. 92, PageID.1610, but convenience alone cannot justify depriving Plaintiffs of their rights. Moreover, there is no reason to believe that a stay would have more than a marginal effect on economy or efficiency and the State has not proffered anything to substantiate this contention, which is clearly outweighed by the ongoing substantial harm to Plaintiffs and the public. In any

-5-

event, no lengthy proceedings are required for this summary enforcement action—it is undisputed that the Settlement Agreement has been breached and that the standard for summary enforcement is satisfied.

The State should not be permitted to openly breach the Settlement Agreement—which the State (and thus all parties to the contract) concedes is consistent with the Federal and State law—for another year or more due to the possibility that the Supreme Court "*could*" in the future alter the relevant constitutional standards.[3]  ECF No. 92, PageID.1609 (emphasis added).  As it stands now, the State is openly permitting CPAs to turn away qualified prospective foster and adoptive parents because of their sexual orientation.  This Court should require the State to abide by its constitutional and contractual obligations to require state-contracted and taxpayer-funded CPAs to treat same-sex couples equally.

## CONCLUSION

For the foregoing reasons and those set forth in in Plaintiffs' opening brief, the Court should grant Plaintiffs' Motion to Reopen Proceedings For Purposes of Enforcing the Settlement Agreement.

---

[3] Furthermore, the State's contractual obligations under the Settlement Agreement are qualified by "unless prohibited by law or court order," so there is no possibility of competing or contrary legal obligations even if a *Fulton* decision were to revisit prevailing constitutional doctrine.  ECF No. 82, PageID.1445.

Dated: March 18, 2020

Respectfully submitted,

*s/ Ann-Elizabeth Ostrager*

Jay Kaplan (P38197)
Daniel S. Korobkin (P72842)
American Civil Liberties Union
  Fund of Michigan
2966 Woodward Avenue
Detroit, MI 48201
Telephone: (313) 578-6823
jkaplan@aclumich.org
dkorobkin@aclumich.org

Daniel Mach
American Civil Liberties Union
  Foundation
915 15th Street NW
Washington, DC 20005
Telephone: (202) 675-2330
dmach@aclu.org

Leslie Cooper
American Civil Liberties Union
  Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2633
lcooper@aclu.org

Garrard R. Beeney
Ann-Elizabeth Ostrager
Leila R. Siddiky
Jason W. Schnier
Hannah Lonky Fackler
James G. Mandilk
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004-2498
Telephone: (212) 558-4000
beeneyg@sullcrom.com
ostragerae@sullcrom.com
siddikyl@sullcrom.com
schnierj@sullcrom.com
facklerh@sullcrom.com
mandilkj@sullcrom.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

This the 18th day of March, 2020.

*s/ Ann-Elizabeth Ostrager*